UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**DEBORAH LAUFER,**

    Plaintiff,

v.

                                        **Case No: 1:20-cv-59-LAG**

**HJL HOSPITALITY, LLC.,**

    Defendant,

_____/

**PLAINTIFF'S MOTION TO STAY PENDING APPELLATE RULING**

Plaintiff, by and through her undersigned counsel, requests this Court stay proceedings in this case pending the outcome of *Kennedy v. Warrior Air*, case no: 20-11545, or *Laufer v. Arpan, LLC*. Case no: 20-14846, both of which are now pending before the Eleventh Circuit Court of Appeals and both of which involve the involving the same standing issue in this case.  More specifically:

    1. This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") in which the Plaintiff is requesting that the Defendant be ordered to bring its own websites and the third party booking sites it utilizes into compliance with the requirements of  28 C.F.R. Section 36.302(e)(1). That section, which is cited in full, in the complaint [D.E. 1, ¶8 ], imposes standards for reservation systems maintained or utilized by

places of lodging such as the Defendant's motel. Essentially, a reservation system "with respect to reservations made by any means, including by telephone, in-person, or through a third party"must allow the disabled to access the system as the able bodied are able to do. In addition, and among other things, the system must provide sufficient information to allow a disabled individual to determine whether or not a particular establishment meets their individual needs, 28 CFR 36.302(a)1)(ii).

      2. The Defendant did not respond to the complaint. The Clerk subsequently entered a default and the Plaintiff then moved for entry of Default Judgment. With that motion pending, the Court raised the issue of the Plaintiff's standing [D.E. 11].

      3. *Kennedy v. Warrior Air*, and *Laufer v. Arpan, LLC*., involve the issue of whether or not a Plaintiff in Ms. Laufer's position has standing, and, therefore, whether a Court has jurisdiction to entertain her claims. A ruling in either case will have a substantial bearing on, if not definitively determine, the standing issue presented in this case.

      4. The identical standing issue is also presently pending before the Seventh Circuit, *Laufer v. Rasmus*, et., al., case no: 21-1306 and the Tenth Circuit in *Laufer v. Looper*, case no: 21-1031.

      5. Thus, considerations of judicial economy counsel in favor of staying this case pending a decision from the Court of Appeals.

      6. Other courts have stayed proceedings for the same reason advanced above, *e.g., Laufer v. Suites I.Q., LLC.*, case no: 3549-RM-NYW (D. Colo) [D.E. 33]; *Laufer v. Hayoung Choi,* case no: 1:20-cv-3716-CMA (D. Colo), *Laufer v. Campfield Properties, Inc*., case no: 1:20-cv-3715-CMA-KLM (D.Colo), *Laufer v. Growth Motels, etc*., case no: 3:20-cv-791-wmc

(D.Wisc.)[D.E. 15; *but see, Laufer v. Boulderado Hotel, LTD,* case no: 20-cv-3550-RBJ (D. Colo)[D.E. 23](declining to stay case).

      7. This motion is filed in good faith and not for any improper purpose.

      **WHEREFORE**, Plaintiff moves this Court stay this case pending a ruling from the Eleventh Circuit on the standing issue.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record on April 19, 2021.

      */s/Philip Michael Cullen, III*
      Bar No: 167853
      **PHILIP MICHAEL CULLEN, III**
      **Attorney at Law – Chartered**
      621 South Federal Highway, Suite Four
      Fort Lauderdale, FL 33301
      ph. (954) 462-0600
      fax (954) 462-1717
      CULLENIII@aol.com